Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 3138 | **DATE** | June 18, 2012 |
| **CASE TITLE** | Anthony Townes (#2011-1-4132) vs. Tom Dart, et al. | | |

**DOCKET ENTRY TEXT**

The Court grants Plaintiff's motion to proceed *in forma pauperis* [#3] and orders the trust fund officer at Plaintiff's current place of incarceration to deduct $10.00 from Plaintiff's account for payment to the Clerk of Court as an initial partial filing fee. The Clerk shall send a copy of this order to the trust fund officer at the Cook County Jail. However, summonses shall not issue at this time. Pursuant to 28 U.S.C. § 1915A, Plaintiff's complaint is dismissed without prejudice. Plaintiff is granted until July 20, 2012 to submit an amended complaint (plus a judge's copy and service copies) limited to a single, core claim and identifying the actual Defendants in interest in accordance with this order. Failure to submit an amended complaint by July 20, 2012, will result in summary dismissal of this case.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiff, a detainee at the Cook County Jail, has brought this *pro se* lawsuit pursuant to 42 U.S.C. § 1983. He claims that in 2011, he was incarcerated at the Jail, and unnamed John Doe correctional officers subjected him to excessive force. He also claims that medical personnel at Cermak Health Services subjected him to deliberate indifference to a serious medical condition regarding the treatment of his high blood pressure.

The Court grants Plaintiff's motion to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $10.00. The inmate trust fund officer at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial fee, the trust fund officer at Plaintiff's place of confinement is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number for this action. The Cook County Jail inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.

However, Plaintiff's complaint is unacceptable and must be dismissed. The complaint contains misjoined claims against unrelated defendants. In *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), the court examined a prisoner complaint containing a laundry list of grievances and criticized the district court for failing to "question" the plaintiff's decision to "join 24 defendants, and approximately 50 distinct claims, in a single suit." *Id* . at 607. In this case, Plaintiff asserted a claim against Cook County Jail personnel for excessive force together with a claim against Cermak Health Services Employees alleging they were deliberately indifferent to a serious medical condition unrelated to the excessive force claim. Under *George*, this is inappropriate. *See id.* at 606-07.

Plaintiff may also be attempting to contest his confinement itself; he comments that he has been incarcerated on a conviction for which he has already completed his sentence. If Plaintiff wishes to challenge

## STATEMENT

his confinement, he may do so only by a petition for a writ of habeas corpus, assuming he can meet the requirements of 28 U.S.C. § 2254. The Court may not convert the present section 1983 action into a habeas corpus petition. *Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir. 1999).

In any event, Plaintiff must choose between the claims he is attempting to assert in this case. Plaintiff may pursue multiple types of claims only if they involve a common Defendant. Otherwise, plaintiff must bring the separate claims in separate lawsuits. In short, Plaintiff must decide upon one central core claim to pursue against the individuals alleged to have violated his rights and may bring only that claim under this case number.

Additionally, in order "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005). Plaintiff has named Sheriff Tom Dart as a Defendant, but has made no allegation against him other than that he is a supervising official in the Cook County Jail. The mere fact that Defendant Dart holds a supervisory position is insufficient to establish his liability, as the doctrine of *respondeat superior* (blanket supervisory liability) does not apply to claims under section 1983. *See Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001).

Plaintiff must name as Defendants the individual officer(s) or medical personnel who allegedly subjected him to the constitutional deprivation that he decides to assert in his amended complaint. If Plaintiff does not have the names of the individual officers or medical personnel, he can name a supervisory official such as Sheriff Dart for the purpose of identifying unknown defendants. *See Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 556 (7th Cir. 1996)*; Billman v. Indiana Dept. of Corrections*, 56 F.3d 785, 789-90 (7th Cir. 1995). However, to the extent Plaintiff can identify the actual Defendants in interest, he should do so in his proposed amended complaint

The Court gives Plaintiff until July 20, 2012, to submit a proper amended complaint on the Court's required form. Plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. As with every document filed with the Court, Plaintiff must provide an extra copy for the judge; he must also submit a service copy for each Defendant named in the amended complaint. The Court cautions Plaintiff that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations Plaintiff wishes the Court to consider must be set forth in the amended complaint, without cross-reference to the original complaint. Any exhibits Plaintiff wants the Court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits.

The Clerk will provide Plaintiff with an amended civil rights complaint form and instructions along with a copy of this order. If Plaintiff fails to file a proposed amended complaint by the deadline the Court has set, the Court will dismiss the case in its entirety. If Plaintiff files a proposed amended complaint in timely fashion, the Court will evaluate it as required by 28 U.S.C. § 1915A.